AYRES, Judge
(concurring).
Notwithstanding the eminent qualifications of the individual members of the jury of freeholders as experts for the purposes for which they were appointed, as well as their unquestioned integrity and good faith, I am inclined to the view, because of their personal interests and activities in promoting the project concerned, and because one member of the jury of freeholders served as a member of the Police Jury when the project was initiated, and voted for it, that the jury of freeholders did not possess that quality of disinterestedness held essential by the Supreme Court in the case of Louisiana & A. Ry. Co. v. Moseley, 115 La. 757, 40 So. 37, 39, wherein the court stated:
“The wide scope given to the clerk and sheriff for the selection of jurors, the narrowness of the margin accorded to the owner for objection, and the great weight attached to the verdict of the jury, make it our duty to rigidly construe and enforce the requirements of the law touching the competency of jurors. We are of the opinion that the jury should be composed, as far as possible, of men not only without pecuniary interest in the object sought to be carried out, but also of men taking no special active steps towards its accomplishment. The owner is entitled to have his case submitted to a jury legally constituted.”
Therefore, except for the absence of any substantial relief which might be granted plaintiff, I would be inclined to respectfully disagree with the conclusions reached in the majority opinion. In this regard, it may be appropriate to observe that the location of the highway across plaintiff’s property, for all practical purposes, has taken on the status of the inevitable — an accomplished fact; the highway has been constructed to plaintiff’s property on the north as well as on the south, and between the two ends of the project intervenes plaintiff’s property, only 1240.8 feet in width, across which the highway, as presently completed, directly points. No other course has been suggested as practicable.
Moreover, it does not appear that plaintiff has questioned the award as made to compensate for the right of way expropriated.
I, therefore, concur in the decree.